**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| NICOLE CRITTENDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  3:19-cv-00511 |
| | ) | |
| PROSPER FUNDING LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, NICOLE CRITTENDEN ("Plaintiff"), by her attorneys, and hereby alleges the following against PROSPER FUNDING LLC ("Defendant"):

### Nature of the Action

1.     Plaintiff's Complaint arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and the Wisconsin Consumer Act – Debt Collection ("Consumer Act"), Wis. Stat. Ann. § 427.101 *et seq*., and invasion of privacy.

### Jurisdiction and Venue

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 47 U.S.C. § 227.

3.     28 U.S.C. § 1367 grants supplemental jurisdiction over the claims arising under the Consumer Act.

4.     Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendant transacts business in this district.

### Parties

5.     Plaintiff is a natural person residing in Dane County in Sun Prairie, Wisconsin.

6.      Plaintiff is a "consumer" as defined by 47 U.S.C. § 227 *et seq*.

7.      Defendant is a business entity with a principal office located at 221 Main Street, 3rd Floor, San Francisco, CA 94105.

8.      Defendant's is a "debt collector" as defined by Wis. Stat. Ann. § 427.103 (3).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

<u>Factual Allegations</u>

10.     Defendant has been placing calls to telephone number (608) 358-58XX.

11.     Telephone number (608) 358-58XX is been assigned to Plaintiff's cellular telephone.

12.     These telephone calls are not for emergency purposes.

13.     These telephone calls were in connection with an alleged credit card debt.

14.     The alleged debt arises from transactions which were used primarily for personal, family, and/or household purposes.

15.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to call Plaintiff's cell phone.

16.     On or about March 21, 2019, Plaintiff spoke with one of Defendant's employees.

17.     Plaintiff instructed Defendant's employee to stop calling her cell phone.

18.     Defendant continued to use an automatic telephone dialing system or an artificial or prerecorded voice to call Plaintiff's cell phone after March 21, 2019.

19.     Between March 22 and May 9, 2019, Defendant called Plaintiff's cell phone at least 82 times.

20.     Defendant called Plaintiff's cell phone multiple times in a single day, up to five (5) times.

21.     Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system or an artificial or prerecorded voice to place these calls.

22.     Defendant knew that it did not have Plaintiff's express consent to use an automatic telephone dialing system or an artificial or prerecorded voice to place these calls.

23.     Defendant intended to use an automatic telephone dialing system or an artificial or prerecorded voice to place these calls and did so voluntarily, knowingly, and willfully.

24.     Plaintiff felt annoyed and harassed by Defendant's calls.

<u>COUNT I</u>
<u>Defendant Violated the Telephone Consumer Protections Act</u>

25.     Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

26.     Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). Defendant willfully used an automatic telephone dialing system to call Plaintiff's cell phone.

<u>COUNT II</u>
<u>Wisconsin Consumer Act – Debt Collection</u>

28.     Plaintiff repeats, reiterates and incorporates by reference into this cause of action

the allegations set forth above with the same force and effect as if the same were set forth at length herein.

29.     The Wisconsin Consumer Act – Debt Collection states:

(1) In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, including a transaction primarily for an agricultural purpose, where there is an agreement to defer payment, a debt collector may not:

(h) Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer

Wis. Stat. Ann. § 427.104

The Wisconsin Consumer Act – Debt Collection also states:

A person injured by violation of this chapter may recover actual damages and the penalty provided in s. 425.304; but notwithstanding any other law actual damages shall include damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation of this chapter.

Wis. Stat. Ann. § 427.105 (1)

30.     Defendant's attempt to collect a debt arose from a consumer credit transaction.

31.     Defendant engaged in conduct which could reasonably be expected to threaten or harass Plaintiff with respect to its telephone collection conduct directed against Plaintiff.

32.     It was unreasonable harassment for Defendant to relentlessly call Plaintiff using an ATDS after Plaintiff instructed Defendant to stop calling him.

33.     Plaintiff has suffered actual damages as a result of Defendant's unlawful conduct.

<u>COUNT III</u>
<u>Invasion of Privacy – Intrusion Upon Seclusion</u>

34.     Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length

4

herein.

35.     Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private concerns and affairs.

36.     Defendant interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff's cell phone without authorization after she instructed it to stop.

37.     Defendant's conduct resulted in multiple intrusions and invasions of privacy, which would be highly offensive or objectionable to a reasonable person in that position.

38.     Plaintiff has suffered actual damages as a direct and proximate result of Defendant's Intrusion.

Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

39.     Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

40.     Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

41.     Actual damages pursuant to Wis. Stat. Ann. § 427.101 *et seq*.;

42.     All court costs, witness fees and other fees incurred pursuant to Wis. Stat. Ann. 427.101 *et seq*.;

43.     Equitable relief to prevent further invasions of Plaintiff's privacy;

44.     All actual, compensatory, punitive, and other damages to which Plaintiff is entitled;

45.     Award reasonable attorneys' fees, litigation expenses and costs; and

46.     Any other relief that this Honorable Court deems appropriate.


                                          Respectfully submitted,

Dated: June 20, 2019                      /s/ Adam T. Hill
                                          Adam T. Hill
                                          **KROHN & MOSS, LTD**.
                                          10 N. Dearborn St., 3rd Fl.
                                          Chicago, Illinois 60602
                                          Telephone:  312-578-9428
                                          Telefax:  866-861-1390
                                          ahill@consumerlawcenter.com

                                          Attorneys for Plaintiff
                                          NICOLE CRITTENDEN